Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Craig Smith (State Bar No. 265676)
  *craig.smith@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, BRYAN MORALES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANGELINA ATABEKOVA-MICHAELIDIS, and VARDOUI MICHAELIDOU; both individually and as successors-in-interest to Decedent, MELKON MICHAELIDIS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; BRYAN MORALES; and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No. 2:22-CV-05620-MCS-MAA<br><br>*[The Hon. Honorable District Judge, Mark Scarsi, Magistrate Judge, Maria A. Audero]*<br><br>**[MOTION *IN LIMINE* NO. 3]**<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE FINDINGS AND CONCLUSIONS OF INVESTIGATIONS BY LOS ANGELES POLICE DEPARTMENT AND LOS ANGELES BOARD OF POLICE COMMISSIONERS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   October 16, 2023<br>Time:   2:00 p.m.<br>Dept.:   7C<br><br>Trial Date:   October 31, 2023<br>Complaint Filed:   August 9, 2022 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 16, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 7C of the above entitled court, Defendant BRYAN MORALES will move *in limine* for an order to exclude all

---

**MOTION IN LIMINE NO. 3**

evidence and argument relating to the findings and conclusions of the investigation of the incident by the Los Angeles Police Department Los Angeles Board of Police Commissioners.

Defendant seeks an order to exclude from evidence, and from being published to the jury or finder of fact, and from being admitted into evidence, in this matter any and all evidence, documents, records, recordings, testimony, statements, and reference before the jury, of any and all findings and conclusions from the post-incident investigations by the Los Angeles Police Department and Los Angeles Board of Police Commissioners.

This motion is made pursuant to Fed. R. Evid. Rules 401 et seq., 801 et seq., 901 et seq., and 701 et seq..

This motion is based on the attached memorandum of points and authorities, all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion. This motion is made following conference of counsel which took place on September 18, 2023.

DATED: September 25, 2023　　**MANNING & KASS**
　　　　　　　　　　　　　　　　**ELLROD, RAMIREZ, TRESTER LLP**


By: ____/s/ Kayleigh A. Andersen____
　　　Eugene P. Ramirez
　　　Kayleigh A. Andersen
　　　Attorneys for Defendant, BRYAN MORALES

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION.

Defendant respectfully requests that the honorable Court issue an Order to exclude from evidence, and from being published to the jury, and from being admitted into evidence, in this matter any and all evidence, documents, records, recordings, testimony, statements, and reference before the jury, of any and all findings and conclusions from the post-incident investigations by the Los Angeles Police Department ("LAPD") and Los Angeles Board of Police Commissioners ("BOPC").

The findings and conclusions of the post-incident investigations into the Lethal Force Encounter between Officer Bryan Morales and Decedent Melkon Michaelidis is irrelevant and prejudicial, and the reports documenting the investigations would constitute inadmissible hearsay under Fed. R. Evid. 802. Therefore, defendant respectfully requests that the Court exclude the introduction at the time of trial any argument, reference to, or documents related to the findings and conclusions of the post-incident investigations into the Lethal Force Encounter.

Defendant respectfully requests that the honorable Court exclude all evidence, testimony, records, and references relating to the above on the grounds that such evidence is irrelevant, unfairly prejudicial, and is inadmissible hearsay.

## 2. EVIDENCE THAT IS IRRELEVANT AND/OR UNDULY PREJUDICIAL IS NOT ADMISSIBLE.

Federal Rule of Evidence rule 402 provides that, "[i]rrelevant evidence is not admissible." Rule 403 provides that the Court may exclude evidence when its probative value is substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The evidence and argument discussed below is inadmissible under both Rules 402 and 403 given that the Court has dismissed the plaintiffs' claims brought against the City of Los Angeles for ratification, failure to train, and unconstitutional policy, custom, or practice under a *Monell* theory of liability.

3. **THE COURT SHOULD PRECLUDE ANY REFERENCE TO THE FINDINGS AND CONCLUSIONS OF THE POST-INCIDENT INVESTIGATIONS.**

In hopes of assuring law enforcement officers act appropriately, the Legislature enacted section 832.5 of the Penal Code, which mandates law enforcement agencies to assure a procedure is undertaken to investigate citizens' complaints against its officers. *Pena v. Municipal Court*, 96 Cal.App.3d 77, 82 (1979). Pursuant thereto, the City of Los Angeles instituted a process for investigating complaints against officers and/or critical incidents. Significantly, an officer who is the subject of an investigation does not maintain the same rights and privileges that would otherwise be afforded. For example, an officer subject to an internal investigation can be compelled to testify despite the protections against self-incrimination. *Lybarger v. City of Los Angeles*, 40 Cal.3d 822 (1985).

Thus, evidence pertaining to a city and/or police department's internal affairs investigation and conclusions are subsequent remedial measures under Federal Rules of Evidence 407 and are inadmissible. *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986). Any such post-incident reviews, opinions, findings or conclusions are simply not relevant to the jury's adjudication of this matter.

The issue in this case is whether Officer Morales' conduct comported with the constitutional standard set forth in *Graham v. Connor*, 490 U.S. 386, 396, not whether his conduct comported with the LAPD policies or other industry standards. *Whren v. United States*, 517 U.S. 806, 815 (1996) (Local policies and procedures are "an unreliable gauge by which to measure the objectivity and/or reasonableness of police conduct." *See also, Tanberg v. Sholtis*, 401 F.3d 1151, 1163 (10th Cir. 2005); *Hargrove v. City of Bakersfield*, 2019 U.S. Dist. LEXIS 173986, at * 21-22, 2019 WL 4929939170526 (E.D. Cal. Oct. 1, 2019) (Court precluded expert witnesses from suggesting that conduct inconsistent with Learning Domains determines whether the Constitution is violated).

1     The constitutionality of Defendant Officer Morales' use of force is not
2 determined by LAPD's policies and findings related thereto. As such, any references
3 contained in the post-incident investigation pertaining to LAPD's findings as to
4 Officer Morales' use of force are irrelevant and inadmissible to the determination as
5 to whether there was a constitutional violation.
6     Likewise, the BOPC's findings inadmissible hearsay, irrelevant, and constitute
7 subsequent remedial measures. Fed. R. Evid. §§ 802, 602, 701, 401, 402, 407;
8 *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986); *see also*, Cal.
9 Penal Code §§ 832, et seq.; Cal. Evid. Code §§ 1043, 1046; *see, e.g.*, *Boar, Inc. v.*
10 *County of Nye*, 2010 U.S. Dist. LEXIS 133334, at *19, 2010 WL 5070888 (D. Nev.
11 Oct. 15, 2010); *Davis v. City of San Diego*, 106 Cal.App.4th 893, 902 (2003); *Lehto*
12 *v. City of Oxnard*, 171 Cal.App.3d 285, 294-95 (1985); Cal. Evid. Code § 669.1. No
13 foundation has been laid for this evidence, and without any witnesses to testify
14 regarding the findings and conclusions (which should be excluded regardless), any
15 reference by counsel, experts, and witnesses regarding the post-incident
16 investigation findings and conclusions constitute inadmissible hearsay.

### 4. CONCLUSION.

18     For all the foregoing reasons, Defendant respectfully requests that the Court
19 exclude from evidence, and from being published to the jury, and from being
20 admitted into evidence, in this matter any and all evidence, documents, records,
21 recordings, testimony, statements, and reference before the jury, of any and all
22 findings and conclusions from the post-incident investigations by the Los Angeles
23 Police Department and Los Angeles Board of Police Commissioners.

| | | |
|---|---|---|
| DATED: September __, 2023 | MANNING & KASS<br>ELLROD, RAMIREZ, TRESTER LLP | |
| | By: _____/s/ Kayleigh A. Andersen_____<br>Eugene P. Ramirez<br>Kayleigh A. Andersen<br>Attorneys for Defendant, BRYAN MORALES | |