**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Marcel F. Sincich, Esq. (SBN 319508)
*msincich@galipolaw.com*
Cooper Alison-Mayne (SBN 343169)
*cmayne@galipolaw.com*
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118

**MARDIROSIAN & MARDIROSIAN, PLC**
Margarit K. Mardirosian, Esq. (SBN 201885)
mkm@mardirosianlaw.com
1155 North Central Avenue, Suite 201
Glendale, CA 92102
Tel. (818) 244-8166 | Fax (818) 244-0796

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA ATABEKOVA-MICHAELIDIS, and VARDOUI MICHAELIDOU; both individually and as successors in interest to Decedent MELKON MICHAELIDIS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; and BRYAN MORALES,<br><br>Defendants. | Case No. 2:22−cv−05620−MCS−MAA<br><br>[*Honorable Mark C. Scarsi*]<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE NON-INCIDENT FACTS ABOUT DEFENDANTS AND DEFENANT'S COUNSEL INCLUDING ASSOCIATED NEWS ACCOUNTS**<br><br><u>PTC & Hearing on Motions *in Limine*</u>:<br>Date:   October 16, 2023<br>Time:   2:00 p.m.<br><u>Jury Trial</u><br>Date:   October 31, 2023<br>Time:   08:30 a.m.<br><br>Ctrm: 7C<br>350 West 1st Street, 7th Floor<br>Los Angeles, California 90012 |

<sub/>

## MEMORANDUM OF POINTS AND AUTHORITIES

By his present Motion, Defendant Morales seeks to exclude the following from evidence at trial: (1) LAPD incidents not involving the decedent; (2) lawsuits involving the City of Los Angeles not involving the decedent; (3) lawsuits or related litigation procedures involving defendant's counsel not involving the decedent; (4) tactics or litigation procedures employed by defendant's counsel in this or other actions; (5) clientele or representation of other clients by defendant's counsel, unrelated to this action; (6) references to the size, structure, location, or legal expertise of defendant's counsel; and (7) references to use of force incidents nationally or globally that do not involve the decedent. Defendant argues these categories are hearsay, irrelevant, and unduly prejudicial.

Plaintiffs do not intend to introduce evidence falling within the categories enumerated by the Defendant. However, Plaintiffs oppose the Motion to the extent that it may limit their ability to introduce rebuttal evidence. For example, if Defendant's experts make claims regarding LAPD incidents not involving the decedent, Plaintiffs should be permitted to rebut those claims by introducing appropriate rebuttal evidence. Further, if Defendant's experts make claims regarding LAPD training or that no officer would have acted in a particular manner, then Plaintiffs should be permitted to rebut those claims by introducing appropriate rebuttal evidence, which may include other LAPD incidents or lawsuits. Further, insofar as it tends to show a bias by Defendant's experts towards the Defendants, Plaintiffs may seek to introduce limited evidence through cross-examination as to the Defendant's experts' experience and qualifications though other LAPD incidents or lawsuits.

Defendant Morales repeatedly intends to introduce evidence that his actions were consistent with what other officers would do, and within department policy and training. (See Exh. A, Sanchez Report at 17-19.) Plaintiffs should be permitted to introduce evidence that rebuts Defendant's contention through other use of force

incident, lawsuits, other officers' conduct, the pertinent LAPD policies, and the final decision by the City of Los Angeles that the use of deadly force by Morales was not within department policy.

Additionally, should the Court permit voir dire, and a prospective juror indicates a predisposition against civil rights cases based on an unrelated matter, Plaintiffs assert that it would be appropriate for Plaintiffs' counsel (or the Court) to conduct a brief inquiry. This would determine whether such potential juror's views warrant their removal from the jury pool, thereby preserving the integrity of the trial process.

Neither method of introducing evidence from other civil rights cases would be subject to hearsay exclusion if the door is opened by the other party. Such evidence would either not be introduced for the truth of the matter asserted, as per Rule 801(c), or could fall under the public records exception of Rule 803(8). Additionally, while Federal Rule of Evidence 403 allows the court to exclude relevant evidence if its probative value is substantially outweighed by factors such as unfair prejudice or confusion, Defendant is requesting that this rule be applied unidirectionally, favoring him. As stated in *United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988), "the introduction of inadmissible evidence by one party allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might result from the earlier admission." Furthermore, in *Nguyen v. Southwest Leasing and Rental Inc.*, 282 F.3d 1061, 1067 (9th Cir. 2002), the Ninth Circuit upheld that the District Court properly admitted rebuttal testimony where the other party had "opened the door." Therefore, if Defendant opens the door to such topics, Plaintiffs should be permitted to introduce rebuttal evidence on the same subject matter.

To permit Defendant to introduce evidence of unrelated matters or issues but deny Plaintiffs the same ability would be unduly prejudicial to Plaintiffs. It would

almost certainly mislead the jury because jurors would only have one side's presentation of that evidence or version of events.

Finally, there are several sub-categories of information that Defendant includes in his Motion that appear to be underdeveloped such that Plaintiffs cannot adequately respond. For instance, Defendant's undefined "litigation tactics" employed in this matter may be subject to argument at trial. Plaintiffs cannot imagine how Defendant's own litigation tactics would be unduly prejudicial to Defendant. It appears on its face that such tactics would be probative and not outweighed by any danger of unfair prejudice. See Fed. R. Evid. 403.

For the reasons discussed above, Plaintiffs request that the Court deny Defendant's Motion *in Limine* No. 2 (Doc. 75) to the extent that it restricts Plaintiffs' right to introduce relevant rebuttal evidence or to briefly explore issues brought up by a juror during *voir dire*.

Respectfully submitted,

DATED: October 2. 2023         LAW OFFICES OF DALE K. GALIPO

                               By      */s/ Cooper Alison-Mayne*
                                  Dale K. Galipo
                                  Marcel F. Sincich
                                  Cooper Alison-Mayne
                                  *Attorneys for Plaintiffs*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs ANGELINA ATABEKOVA-MICHAELIDIS and VARDOUI MICHAELIDOU certifies that this brief contains 733 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 2, 2023

**LAW OFFICES OF DALE K. GALIPO**
**MARDIROSIAN & MARDIROSIAN, PLC**

By:   */s/   Cooper Alison-Mayne*
Dale K. Galipo
Marcel F. Sincich
Cooper Alison-Mayne
Margarit K. Mardirosian
*Attorneys for Plaintiffs*