**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Marcel F. Sincich, Esq. (SBN 319508)
*msincich@galipolaw.com*
Cooper Alison-Mayne (SBN 343169)
*cmayne@galipolaw.com*
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118

**MARDIROSIAN & MARDIROSIAN, PLC**
Margarit K. Mardirosian, Esq. (SBN 201885)
mkm@mardirosianlaw.com
1155 North Central Avenue, Suite 201
Glendale, CA 92102
Tel. (818) 244-8166 | Fax (818) 244-0796

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA ATABEKOVA-MICHAELIDIS, and VARDOUI MICHAELIDOU; both individually and as successors in interest to Decedent MELKON MICHAELIDIS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; and BRYAN MORALES,<br><br>Defendants. | Case No. 2:22−cv−05620−MCS−MAA<br><br>[*Honorable Mark C. Scarsi*]<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE FINDINGS AND CONCLUSIONS OF INVESTIGATIONS BY LOS ANGELES POLICE DEPARTMENT AND LOS ANGELES BOARD OF POLICE COMMISSIONERS**<br><br><u>PTC & Hearing on Motions *in Limine*</u>:<br>Date:   October 16, 2023<br>Time:   2:00 p.m.<br><u>Jury Trial</u><br>Date:   October 31, 2023<br>Time:   08:30 a.m.<br><br>Ctrm: 7C<br>350 West 1st Street, 7th Floor<br>Los Angeles, California 90012 |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant's Motion *in Limine* No. 3 (Doc. No. 76) aims to exclude evidence showing that Officer Morales's use of deadly force was deemed inconsistent with LAPD policy following an internal investigation. Beyond that, Defendant requests that the Court exclude all evidence related to post-incident investigations by the Los Angeles Police Department and Los Angeles Board of Police Commissioners. The Defendant raises arguments under Rule 403, Rule 407, and Rule 801, but none of them are persuasive.

### A. RULE 407: POST-INCIDENT INVESTIGATIONS AND CONCLUSIONS ARE NOT SUBSEQUENT REMEDIAL MEASURES

The Court should reject Defendant Morales's argument that internal affairs investigations are inadmissible against him as remedial measures under Federal Rule of Evidence 407.

First, Rule 407 is not properly invoked by Defendant Morales. The purpose of Rule 407 is to encourage parties to take corrective actions without fear that those actions will be used against them as an admission of guilt. Officer Morales is not in a position of authority that would allow him to take corrective actions, thus Rule 407 does not apply to him in these circumstances. Morales relies on *Maddox v. City of Los Angeles*, 792 F.2d 1408 (9th Cir. 1096), but in that case the Ninth Circuit held that Rule 407 protected *the City* from the admission into evidence of particular portions of their internal investigations. *Maddox*, 702 F.2d at 1417 (certain portions of the investigation were found to be inadmissible against individual defendant under Rule 403 but not Rule 407). Rule 407 simply does not apply to Defendant Morales.

Second, even if this argument had been raised by the City of Los Angeles it would be unpersuasive. This precise issue was addressed recently by the Ninth Circuit in great detail in *Aguilar v. City of Los Angeles*, 853 F. App'x 92 (9th Cir. 2021). In *Aguilar*, a Section 1983 in-custody-death case, plaintiffs had attempted to introduce evidence from LAPD's post-incident finding's related to the case. The trial

court excluded the evidence under Rule 407, but the Ninth Circuit held that the ruling was a legal error. *Id*. at 95. The court reasoned that *Maddox* applies to disciplinary proceedings, not investigations, and the court explained:

> Here, by contrast, the LAPD conducted an in-custody death investigation, not a disciplinary proceeding. If the LAPD Findings had prompted disciplinary action, policy changes, or the like, then evidence of those subsequent remedial actions would have been inadmissible to prove culpable conduct. But the LAPD Findings themselves were retrospective, not remedial; they assessed what happened and whether the officers' actions were consistent with LAPD policy, without meting out discipline or changing LAPD policy. Therefore, the trial court's holding that Rule 407 compelled exclusion of the LAPD Findings was legal error.

*Aguilar*, 853 F. App'x at 95.

Thus, the Court should reject Defendant Morales's argument that internal affairs investigations are inadmissible against him under Rule 407.

### B.  RULE 403: EVIDENCE OF THE INTERNAL AFFAIRS INVESTIGATION IS NOT UNFAIRLY PREJUDICIAL

Defendant will not suffer any unfair prejudice if this Court admits evidence of the internal affairs investigation. Rule 403 only excludes relevant evidence "if its probative value is *substantially outweighed* by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Importantly, "[u]nfair prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence." *United States v. Mohr*, 318 F.3d 613, 619 (4th Cir. 2003) (citations omitted).

Defendant offers no argument for why the investigation itself, without the Board of Commissioners finding, would be prejudicial. The initial investigation by the Chief of Police and Use of Force Review Board actually found that Defendant

Morales was within policy before the Los Angeles's Board of Police Commissioners reviewed the case and came to the opposite conclusion. Thus, Defendants' argument pursuant to Rule 403 is unpersuasive. And while the final decision of the Board of Police Commissioners that Defendant Morales acted outside of department policy is not favorable evidence for Defendant Morales, it is not *unfairly* prejudicial. Defendant has not even alleged that the Board of Police Commissioners' decision was unfair in any way. Further, Defendant's concern that the jury may infer that a violation of LAPD policy is tantamount to a constitutional violation could also easily be cured by a limiting instruction to the jury on that distinction. Any unfair prejudice to Defendant does not outweigh probative value of the materials produced during the investigation as they contain detailed analysis and record of the physical evidence recovered at the scene and will help the jury determine the critical facts at issue in this case.

Further, both Plaintiffs' and Defendant's police practices expert relied, at least in part, upon the investigation and findings of the City of Los Angeles. Defendant's police practices expert, Phillip Sanchez, intends to testify as to the following:

- "A peace officer with equivalent training, experience, and knowledge would act similarly" (Exh. A, Sanchez Report at 17.)

Plaintiffs should be permitted to introduce evidence that rebuts Defendant's contention through other use of force incident, lawsuits, and the pertinent LAPD training.

- "Officer Morales's actions were consistent with department policy" (Exh. A, Sanchez Report at 18.)

Plaintiffs should be permitted to introduce evidence that rebuts Defendant's contention through other use of force incident, lawsuits, the pertinent LAPD policies, and the final decision by the City of Los Angeles that the use of deadly force by Morales was not within department policy.

- "A peace officer with equivalent training, experience, and knowledge would act similarly" (Exh. A, Sanchez Report at 18.)

Plaintiffs should be permitted to introduce evidence that rebuts Defendant's contention through other use of force incident, lawsuits, the pertinent LAPD training, including that training that is identified in the City of Los Angeles analysis as to whether the use of deadly force by Morales was within department policy.

- "Officer **Morales's use of lethal force** was objectively reasonable and consistent with California Penal Code Section 835a, **department policy**, and the California Commission on Peace Officer Standards and Training, Learning Domain 20, Use of Force. A peace officer with equivalent training, experience, and knowledge would act similarly." (Exh. A, Sanchez Report at 19, emphasis added.)

Plaintiffs should be permitted to introduce evidence that rebuts Defendant's contention through other use of force incident, lawsuits, the pertinent LAPD policies, and the final decision by the City of Los Angeles that the use of deadly force by Morales was not within department policy.

Given the extent that Defendant's police practices expert is expected to testify as to policies and training of the department and how Morales specifically acted in accordance with those policies and training, Plaintiffs must be afforded the opportunity to impeach and rebut the Defendant's contentions at trial. Otherwise, Plaintiffs will suffer unfair prejudice. See Fed. R. Evid. 403.

Therefore, the court should reject Defendant's argument under Rule 403. As the Court can see by Plaintiffs' Motions *in Limine*, Plaintiffs intend to and request that the Court limit this trial to the information known to Defendant Morales and exclude immaterial information from earlier in the day and from post-incident investigations generally. However, if the Court is inclined to grant Defendant's present Motion, it should also preclude Defendant's from introducing their expert opinions and should allow Plaintiffs the right to use the subject evidence for rebutting

and impeaching Defendant's contentions at trial. Further, if Defendant Morales intends to argue that his actions were in line with LAPD training and policies, consistent with Police Officers Standards and Training, then the contrary finding by Los Angeles's own Board of Police Commissioners becomes relevant and should be admitted into evidence. These findings could assist the jury in determining whether the officers acted according to POST and LAPD training protocols.

### C.  RULE 801: EVIDENCE OF INTERNAL AFFAIRS INVESTIGATION IS NOT BARRED BY HEARSAY RULES

Defendant cites no authority to support their argument that all evidence related to the LAPD and City of Los Angeles internal investigation constitutes inadmissible hearsay. The Court need not make Defendant's arguments for him and should deny this portion of the Defendant's motion.

But even on the merits, it is clear that large portions of the investigation constitute an opposing party's statement (Defendant City of Los Angeles) pursuant to Federal Rule of Civil Procedure 801(d)(2) and thus do not constitute hearsay, <u>when introduced as evidence by the Plaintiffs</u>. *See also Aguilar*, 853 F. App'x at 96 (explaining that the trial court could not have reasonably excluded post-incident findings as hearsay); *see also Elvira v. City of Escondido*, No. 14-CV-00081-BAS, 2016 WL 5719825, at *8 n.4 (S.D. Cal. Sept. 30, 2016) ("factual findings in 'internal affairs reports are generally admissible'").

For the reasons above, Plaintiffs request that the Defendant's Motion *in Limine* No. 3 (Doc. No. 76) be DENIED.

Respectfully submitted,

DATED: October 2, 2023          LAW OFFICES OF DALE K. GALIPO

By      */s/ Cooper Alison-Mayne*
Dale K. Galipo
Marcel F. Sincich
Cooper Alison-Mayne
*Attorneys for Plaintiffs*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs ANGELINA ATABEKOVA-MICHAELIDIS and VARDOUI MICHAELIDOU certifies that this brief contains 1,477 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 2, 2023

**LAW OFFICES OF DALE K. GALIPO**
**MARDIROSIAN & MARDIROSIAN, PLC**


By:   /s/   *Cooper Alison-Mayne*
Dale K. Galipo
Marcel F. Sincich
Cooper Alison-Mayne
Margarit K. Mardirosian
*Attorneys for Plaintiffs*