Eugene P. Ramirez (State Bar No. 134865)
  *epr@manningllp.com*
Craig Smith (State Bar No. 265676)
  *craig.smith@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Tel: (213) 624-6900 | Fax: (213) 624-6999

*Attorneys for Defendant* BRYAN MORALES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA ATABEKOVA-MICHAELIDIS, and VARDOUI MICHAELIDOU; both individually and as successors in interest to Decedent MELKON MICHAELIDIS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; and BRYAN MORALES,<br><br>Defendants. | Case No. 2:22−cv−05620−MCS−MAA<br><br>[*Honorable Mark C. Scarsi*]<br><br>**JOINT STATUS REPORT OF THE PARTIES IN RESPONSE TO ORDER SHOW CAUSE [DOC. 108]** |

**TO THE HONORABLE COURT:**

Plaintiffs ANGELINA ATABEKOVA-MICHAELIDIS, and VARDOUI MICHAELIDOU; both individually and as successors in interest to Decedent MELKON MICHAELIDIS ("Plaintiffs") and Defendants CITY OF LOS ANGELES and OFFICER BRYAN MORALES ("Defendants") hereby respond to the Court's Order to Show Cause of January 23, 2024 [Doc. 108].

The parties apologize to the Court for the inconvenience and appreciate the Court's patience as the parties resolved this matter. As the Court can see below, the parties have worked diligently to resolve this matter.

**JOINT STATUS REPORT OF THE PARTIES IN RESPONSE TO ORDER SHOW CAUSE [DOC. 106]**

1. Plaintiffs and Defendants, by and through their respective attorneys of record, reached a conditional settlement on or about October 6, 2023.

2. On October 6, 2023, the parties filed their Notice of Settlement of this matter, which required approval of certain governing bodies of the City of Los Angeles. It was understood by the parties at that time that those approvals would take no longer than 90 days. Thus, the parties informed the Court of the time expected to finalize and the party's intent to file a dismissal with prejudice within 10 days of receipt of the settlement funds. (Doc. 104.)

3. On October 27, 2023, Defendants provided a draft settlement agreement and release for Plaintiffs' review. For the following approximately 45 days, due to a few unanticipated issues with the settlement agreement and release, the parties negotiated the language of the agreement and satisfied any internal issues with the agreement. On December 19, 2023, Plaintiffs provided the executed agreement to Defendants and awaited Defendants' signatures and approvals.

4. For approval by the City of Los Angeles, the conditional settlement was taken to the Claims Board on February 26, 2024 for approval. Although there was a meeting of the Claims Board on February 5, 2024, counsel for Defendants were engaged in trial and could not attend the mandatory in-person appearance. The February 26, 2024 was the first Claims Board meeting following the final execution of the settlement agreement on December 19, 2023 that counsel for Defendants was able to appear for in-person. The matter went before the City Council on February 26, 2024, and the Council approved the settlement at that time and referred the matter to the Budget Finance & Innovation committee for the next round of approval.

5. Counsel for Defendants again appeared in-person at the Budget Finance & Innovation committee on or about March 20, 2024. The Budget Finance & Innovation committee approved the settlement and referred the matter to the full City Council for approval. The City Council approved the settlement on or about

April 3, 2024 and referred the matter to the Mayor for final approval. The Mayor had 10 days to approve or veto the settlement, and once the 10-day period expired on or about April 13, 2024, the City Attorney's office is tasked with issuing the settlement check. Defense counsel has been advised that the issuing of the check could take two to three weeks after the Mayor's final approval.

All necessary approvals have been made by the governing bodies. All that remains is the processing of the check followed by the dismissal of this action. Defendants have fully executed the settlement agreement with Plaintiffs and all that remains in this case is the issuance of the check. The City has multiple rounds of settlement approval and the delay in having the conditional settlement fully approved is not due to any willful delay by the City or defense counsel.

Defendants anticipate that the City Attorney's office will process and mail the check by the end of April 2024. The City could not give the parties a specific date.

Under the circumstances, Plaintiffs do not feel that there was anything they could have done to speed up the process. Plaintiffs relied on the City's representations of what was necessary to approve the settlement. Of course, if there was a way for the process to be expedited, it would be in Plaintiffs' favor and Plaintiffs would graciously comply with whatever that process may be, if any.

In reliance on the City's assurance that the check will be issued by the end of this month, which typically takes 5 business days to be delivered and an additional 5 business days for the bank to verify and clear, the parties respectfully request that the Court allow the parties to file their Stipulation for Dismissal with Prejudice on or before May 15, 2024.

Respectfully submitted,

DATED: April 23, 2024   **LAW OFFICES OF DALE K. GALIPO**
                        **MARDIROSIAN & MARDIROSIAN, PLC**

|   |   |   |
|---|---|---|
|   | By: | /s/ *Marcel F. Sincich* |
|   |   | Dale K. Galipo |
|   |   | Marcel F. Sincich |
|   |   | Cooper Alison-Mayne |
|   |   | Margarit K. Mardirosian |
|   |   | *Attorneys for Plaintiffs* |
| DATED: April 23, 2024 | **MANNING & KASS** |
|   | **ELLROD, RAMIREZ, TRESTER LLP** |
|   | By: | /s/ *Kayleigh A. Andersen* |
|   |   | Eugene P. Ramirez |
|   |   | Craig Smith |
|   |   | Kayleigh Andersen |
|   |   | *Attorneys for Defendant* |
|   |   | BRYAN MORALES |